## IN THE UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF ALABAMA

Name ___Shaniah Woods_____

Prison Number ___298362_____

Place of Confinement ___Limestone Correctional Facility_____

Action No. ___23-CV-389-TFM-N_____

(To be supplied by Clerk of U. S. District Court)

Shaniah Woods

_____(PETITIONER)

(Full name under which you were convicted)

v.

Warden Chadwick Crabtree

_____(RESPONDENT)

(Name of Warden, Superintendent, Jailor, or authorized person having custody of petitioner)

## PETITION FOR WRIT OF HABEAS CORPUS BY A
## PERSON IN STATE CUSTODY

Instructions - Read Carefully

(1) This petition must be legibly handwritten or typewritten, and signed by the petitioner under penalty of perjury. Any false statement of a material fact may serve as the basis for prosecution and conviction for perjury. All questions must be answered concisely in the proper space on the form.

(2) Additional pages are not permitted except with respect to the facts which you rely upon to support your grounds for relief. No citation of authorities need be furnished. If briefs or arguments are submitted, they should be submitted in the form of a separate memorandum.

(3) Upon receipt of a fee of $5, your petition will be filed if it is in proper order.

(4) If you do not have the necessary filing fee, you may request permission to proceed in forma pauperis, in which event you must complete the "Motion to Proceed Without Prepayment of Fees and Costs" form mailed to you with this form, and have an authorized officer at the jail or prison complete the attached financial statement. The completed forms must be returned to the federal court clerk in Mobile.

(5) Only convictions entered by one court at the same time may be challenged in a single petition. If you seek to challenge convictions entered by different courts in the same state or in different states, you must file separate petitions as to each court.

Revised 4 2011

(6) Your attention is directed to the fact that you must include all grounds for relief and all facts supporting such grounds for relief in the petition you file seeking relief from any judgment of conviction.

(7) When the petition is fully completed, the <u>original</u> and <u>two copies</u> must be mailed to the Clerk of the United States District Court whose address is 113 Saint Joseph Street, Mobile, Alabama 36602.

(8) Petitions which do not conform to these instructions will be returned with a notation as to the deficiency.

(9) You <u>must</u> <u>immediately</u> advise the Court of any change in your address, e.g., if you are released, transferred, moved, etc. Failure to notify the Court of your new address will result in the dismissal of this petition for failure to prosecute and to obey the Court's order.

## PETITION

1. Name and location of court which entered the judgment of conviction under attack: Circuit Court of ____Mobile____ . ____ County, Alabama; Case Number ____CC-14-828____ ;

Judge ____Charles A.Graddick____ . Other court, and case number, if not Circuit Court: Please see Court of Criminal Appeals/Alabama Supreme Court with accompanying case numbers of Shaniah Woods v.State of Alabama

2. Date of judgment of conviction ____January 9,2015____

3. Length of sentence ____Life____

4. Nature of offense involved (all counts) ____Felony murder and murder____

____

____

____

5. What was your plea? (Check one)

    (a) Not guilty ____X____

    (b) Guilty ____

    (c) Nolo contendere ____

6. Kind of trial: (Check one)

    (a) Jury ____X____

Revised 4/2014

(b) Judge only _____

7.  Did you testify at the trial?  Yes _____  No ___X_____

8.  Did you appeal from the judgment of conviction?  Yes ___X_____  No _____

9.  If you did not appeal, explain briefly why you did not: _____

_____

_____

10.  If you did appeal, answer the following:

    (a)  Name of court _____Court of Criminal Appeals_____

    (b)  Result _____Affirmed_____

    (c)  Date of result _____Please see records_____

    (d)  Did you file a petition for rehearing?    Please see records

        Yes _____  No _____; if yes, what was the result? _____

_____

_____

    When did the court rule on your petition? _____

    (e)  Did you file a petition for certiorari?    Please see records

        Yes _____  No _____; if yes, what was the result?_____

_____

_____

    When did the court rule on your petition? _____

11.    Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions (Rule 20, Rule 32, Error Coram Nobis, Habeas Corpus), applications, or motions with respect to this judgment in any state court?

    Yes ____X_____  No _____

12.    If your answer to 11. was "yes," give the following information:

*Revised 4/2014*

(a)(1) Name of court ___Mobile Circuit Ct.___ Date filed ___Please see records___

   (2) Nature of proceeding (Rule 32, Rule 20, etc.) ___Rule 32___

   CC-14-828.60

   (3) Grounds raised ___Please see records___

   (4) Did you receive an evidentiary hearing on your petition, application, or motion?

      Yes _____ No ___X___

   (5) Result ___Dismissed___

   (6) Date of result ___Please see records___

(b) As to any second petition, application or motion, give the same information:

   (1) Name of court ___Mobile Circuit Ct.___ Date filed ___Please see records___

   (2) Nature of proceeding ___Rule 32  (CC-14-828.61)___

   (3) Grounds raised ___Please see records___

   (4) Did you receive an evidentiary hearing on your petition, application, or motion?

      Yes _____ No ___X___

   (5) Result ___Dismissed___

   (6) Date of result ___Please see records___

(c) As to any third petition, application or motion, give the same information:

   (1) Name of court ___Mobile Circuit Ct.___ Date filed ___Please see records___

   (2) Nature of proceeding ___Rule 32___

*Revised 4/2014*

(3) Grounds raised   The court was w/o jurisdiction to render the judgment or to impose the sentence due to the fact that the State pursued two convictions based on the same evidence and requested a unanimity instruction,the court was w/o jurisdiction to render the judgments of felony murder and murder as they are simultaneous convictions that involved a greater and lesser included offense,and the court was w/o jurisdiction to render the

(4) Did you receive an evidentiary hearing on your petition, application, or motion? (see attachment)(#1)

Yes _____   No _____   X

(5) Result ____Dismissed_____

(6) Date of result ____June 29,2022_____

(d) Did you appeal the result of action taken on any petition, application or motion to the highest state court having jurisdiction?

(1) First petition, etc.  Yes __X__  No _____

Date filed ___See records___  Result ___Affirmed_____

Date of result _____   Please see records

(2) Second petition, etc.  Yes __X__  No _____

Date filed: ___See records___  Result: ___Affirmed_____

Date of result ___See records_____

(3) Third petition, etc.  Yes __X__  No _____

Date filed ___See records___ Result ___Affirmed_____

Date of result ___See records____

(e) If you did not appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

_____

_____

_____

13. State concisely every ground on which you claim that you are being held unlawfully. Summarize briefly the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting same.

Caution: In order to proceed in the federal court, you must first exhaust your state court

*Revised 4/2014*

remedies as to each ground on which you request action by the federal court. Also, if you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds at a later date.

For your information, the following is a list of the most frequently raised grounds for relief in habeas corpus proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you may have other than those listed if you have exhausted your state court remedies with respect to them. However, you should raise in this petition all available grounds (relating to this conviction) on which you base your allegations that you are being held in custody unlawfully.

Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The petition will be returned to you if you merely check (a) through (j) or any one of these grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea.

(b) Conviction obtained by use of coerced confession.

(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.

(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.

(e) Conviction obtained by a violation of the privilege against self-incrimination.

(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.

(g) Conviction obtained by a violation of the protection against double jeopardy.

(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.

(I) Denial of effective assistance of counsel.

(j) Denial of right of appeal.

A. Ground one: __Actual innocence and breach of the agreement__

1. Supporting FACTS (tell your story briefly without citing cases or law): __I was apprehended by the U.S.Marshalls in Jonesboro,Georgia and questioned about the alleged murder that occurred in Mobile,Alabama.I was candid,upfront,and honest about the entire situation and I was told by Detective Pears that if (see attachment)(#2)__

Revised 4/2014

2. Did you raise this claim before the state courts on:

Direct appeal: Yes _____ No _____

Rule 20/32 Petition: Yes ___X___ No _____     (But not actual innocence)

Error Coram Nobis: Yes _____ No _____

State Habeas Corpus: Yes _____ No _____

3. If you did not raise this claim before the state courts, tell why you did not: _____

_____

_____

_____

B. Ground two: ___Actual Innocence and Double Jeopardy Violation___

_____

1. Supporting FACTS (tell your story briefly without citing cases or law): ___I am___
___again actually innocence of this offense but I was sub-___
___jected to multiple punishments for the same offense,thus___
___subjecting me to the violation of double jeopardy.___

2. Did you raise this claim before the state courts on:     (See attachment #3)

Direct appeal: Yes _____ No _____

Rule 20/32 Petition: Yes ___X___ No _____

Error Coram Nobis: Yes _____ No _____

State Habeas Corpus: Yes _____ No _____

3. If you did not raise this claim before the state courts, tell why you did not: _____

_____

_____

_____

*Revised 4/2014*

C. Ground three __Actual Innocence and double jeopardy violation__

__due to a unanimity instruction rather than relying on a single__

__act.__

    1. Supporting FACTS (tell your story <u>briefly</u> without citing cases or law): __I am again__

__actually innocent of the alleged offenses of murder and felony__
__murder but I suffered multiple punishments for the same offense__
__(murder and felony murder).__

    2. Did you raise this claim before the state courts on:

    Direct appeal:  Yes _____  No _____

    Rule 20/32 Petition:  Yes __X__  No _____

    Error Coram Nobis:  Yes _____  No _____

    State Habeas Corpus:  Yes _____  No _____

    3. If you did not raise this claim before the state courts, tell why you did not: _____

D. Ground four: __Actual Innocence and simultaneous convictions for a__

__greater and lesser included offense, another double jeopardy__

__violation.__

    1. Supporting FACTS (tell your story <u>briefly</u> without citing cases or law): __I am again__

__innocent of this alleged offense however I was convicted__
__of murder and felony murder, a greater and a lesser__
__included offense. (See attachment # 4).__

    2. Did you raise this claim before the state courts on:

    Direct appeal:  Yes _____  No _____

    Rule 20/32 Petition:  Yes _____  No _____

    Error Coram Nobis:  Yes _____  No _____

    State Habeas Corpus:  Yes _____  No _____

*Revised 4/2014*

3. If you did not raise this claim before the state courts, tell why you did not: _____

_____

_____

_____

14.  A. Have any of the grounds listed in this present habeas corpus petition ever been raised by you in any other <u>federal</u> habeas corpus petition? Yes _____ No __X__. If yes, which grounds?  The instant federal habeas is my first.

_____

State the name and case number of your previous federal habeas corpus petition: _____

_____

B. Have you previously filed a habeas corpus petition attacking this present conviction in this or any other federal court? Yes _____ No __X__. If yes, state the name and case number of your previous federal habeas corpus petition: _____

   The instant is my first.

_____

15. Do you have any petition or appeal now pending in any court, either state or federal, as to the judgment under attack? Yes _____ No __X__. If yes, name the court:_____

_____

and state the name and case number of the petition or appeal: _____

16. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

(a) At preliminary hearing _____ Please see records _____

_____

(b) At arraignment and plea _____ Please see records _____

_____

(c) At trial _____ Please see records _____

_____

*Revised 4/2014*

(d) At sentencing _____

_____

(e) On appeal _____

_____

(f) In any post-conviction proceeding ___ _____

_____

(g) On appeal from any adverse ruling in a post-conviction proceeding _____

_____

17. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time? Yes _____ No _____

18. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack? Yes _____ No _____

(a) If so, give name and location of court which imposed sentence to be served in the future:

_____

_____

(b) And give date and length of sentence to be served in the future: _____

_____

(c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future? Yes _____ No _____

19.    TIMELINESS OF PETITION: This petition is subject to a one-year statute of limitations contained in The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d):

**(1) A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –**

**(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;**

**(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed,**

Revised 4/2014

if the applicant was prevented from filing by such state action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

If your judgment of conviction became final over one year ago, you must explain, in the space provided below, why the one-year statute of limitations contained in 28 U.S.C. § 2244(d) does not bar your petition.

I am asserting equitable tolling as I am showing that both (1) I have been pursuing my rights diligently,and (2) that some extraordinary circumstance stood in my way and prevented timely filing,see Holland v.Florida,560 U.S.631,649.The extraordinary circumstance is that I continued to pursue my claims as I feel that my gender identity influenced the Courts to turn a blind eye to my claims,which are meritorious.I am also asserting claims of actual innocence which the U.S.Supreme Court has held that actual innocence serves as a gateway allowing a habeas petitioner to overcome an impediment due to the expiration of the statute of limitations, see McQuiggins v.Perkins,569 U.S.383,386.Petitioner has raised her actual innocence with another constitutional violation.

Revised 4/2014

Wherefore, petitioner prays that the Court grant petitioner relief to which he may be entitled in this proceeding.

_____

Signature of Attorney (if any)

_____

Typed or printed name of attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed and delivered to custodial authorities for mailing on _____

September 15,2023
_____

(date)

_____

Signature of Petitioner

Shaniah Woods  Ais# 298362

_____

Current mailing address
28779 Nick Davis Road
Harvest,Alabama 35749

_____

12

*Revised 4/2014*

Attachment
#1
_____

(3) judgment or to impose the sentence due to the breach in the alleged agreement.A motion to alter,amend,or vacate the judgment was also filed to correct this legal oversight,but again to no avail.

Statement of the Case and the Facts

---

Shaniah Woods,hereinafter,referred to as petitioner or "Woods" presents the instant Federal Habeas Corpus relief under 28 U.S.C. § 2254 in which she challenges her convictions for felony murder and murder and the resulting sentence of life imprisonment.Woods,a "transgender woman" was arrested and charged with the murder of a U.S.Coastguard technician Robert Roberts, a highly publicized case in the Mobile,Alabama area (CC-2014-828).This offense,however,was committed by "Woods" alleged co-defendant Christopher Anthony Williams (CC-2014-829)(Mobile,Alabama Circuit Court).Ms.Woods has maintained her innocence since day one and has been pursuing her rights diligently.Woods filed her first Rule 32 Postconviction Petition on the 16th day of September,2016 (CC-14-828.60)(Mobile Circuit Court).Woods filed her second Rule 32 Postconviction Petition on the 5th of November,2018 and Woods filed her third Rule 32 Postconviction Petition on August 23rd,2021. Woods subsequently appealed each denial in the trial court to the State appellate courts.

Ms.Woods feels that her gender identity has played a major role/factor in her not obtaining the relief she is due by law.The reason why Ms.Woods has repeatedly filed Rule 32s is that she thought that her claims were simply "argued incorrectly" or that the Appellate Courts had overlooked the claims but as it turns out,the Courts are turning a "blind eye" to my claims.To give this Court an example of the 'Blind eyes" that have been exemplified in Woods legal process,Woods presents the following: In Rule 32 case no. CC-14-828.62 Woods raised the following claims: The trial court erred by not ruling that it was without jurisdiction to render the judgment or to impose the sentence due to the fact that the State pursued two (2) convict-

1

ions based on the same evidence and requested a unanimity instruction and then Woods raised the fact that the trial court erred by not ruling that it was without jurisdiction to render the judgments of felony murder and murder as they are simultaneous convictions that involved a greater and lesser included offense (double jeopardy violations).Woods did raise these claims in the trial court and in the appellate courts,however,the ACA issued an unpublished memorandum (CR-2022-0998)(CC-14-828.62)(Mobile Circuit Court)(Exhibit A)  on page 3 the ACA held that "He also alleged the State improperly "requested a unanimity instruction rather than elect-ing to rely on a single act."(Woods's brief,at 7.)However,because Woods failed to raise the claim concerning the unanimity instruction in the cir-cuit court,this claim is not properly before this Court for appellate re-view.And then on page 4 of Exhibit A,the ACA held "First,Woods reasserts his claim that*his right to protection from double jeopardy was violated because he was charged and convicted of both murder and felony murder.How-ever,this claim is meritless.Woods was only convicted and sentenced for the offense of felony murder.Thus,there is no double jeopardy violation.Woods has presented verified proof of the both of the claims that are in the State Court record.Thus,the United States Court of Appeals held in Bundy v.Wainwright,808 F.2d 1410 that the obligation to come forward with the State court record is squarely upon the respondent,not upon the petitioner in a habeas corpus proceeding.The facts will be presented in the record.

  Ms.Woods only seeks justice.

\* It is evident that the Courts are being biased by calling "her" (Woods) "him" and "his" in several instances.

Exhibit A

Rel: June 16, 2023

Notice: This unpublished memorandum should not be cited as precedent. See Rule 54, Ala. R. App. P. Rule 54(d) states, in part, that this memorandum "shall have no precedential value and shall not be cited in arguments or briefs and shall not be used by any court within this state, except for the purpose of establishing the application of the doctrine of law of the case, res judicata, collateral estoppel, double jeopardy, or procedural bar."

# ALABAMA COURT OF CRIMINAL APPEALS

---

CR-2022-0998

---

Shaniah Woods v. State of Alabama

Appeal from Mobile Circuit Court
(CC-14-828.62)

## **MEMORANDUM DECISION**

McCOOL, Judge.

Shaniah Woods appeals the circuit court's summary dismissal of his Rule 32, Ala. R. Crim. P., petition for postconviction relief, in which he challenged his January 2015 conviction for felony murder, see § 13A-6-2(a)(2), Ala. Code 1975, and his sentence of life imprisonment. This Court affirmed Woods's conviction and sentence. Woods v. State (No. CR-14-

0626), 222 So. 3d 397 (Ala. Crim. App. 2015) (table). A certificate of judgment was issued on February 12, 2016.

On or about August 23, 2021, Woods filed the instant petition, his third, and a petition to proceed in forma pauperis. Woods's petition to proceed in forma pauperis was granted by the circuit court. In his Rule 32 petition, Woods alleged that the circuit court did not have jurisdiction to render the judgment or impose the sentence in his case because: 1) he was improperly charged and convicted of felony murder and murder in violation of his rights against double jeopardy; and 2) that the State breached the "alleged agreement" of leniency that he had with authorities. (C. 19.) Woods also attached his own affidavit as an exhibit to his Rule 32 petition in support of Claim (2), as listed above.

The State filed a motion to dismiss Woods's petition. In its motion to dismiss, the State argued that Woods's claims were meritless and insufficiently pleaded. The State also alleged that Woods's double-jeopardy claim was successive under Rule 32.2(b), Ala. R. Crim. P., and time-barred under Rule 32.2(c), Ala. R. Crim. P. The State also argues that Woods's claim alleging that the State breached an alleged agreement of leniency was precluded because the claim could have been, but was

2

not, raised at trial or on appeal and because the claim was successive and time-barred.

On June 29, 2022, the circuit court summarily dismissed Woods's petition.

On appeal, Woods reasserts the claims that he raised in his Rule 32 petition and claims that the circuit court erred in summarily dismissing his petition. He also alleged the State improperly "requested a unanimity instruction rather than electing to rely on a single act." (Woods's brief, at 7.) However, because Woods failed to raise the claim concerning the unanimity instruction in the circuit court, this claim is not properly before this Court for appellate review. See Morrison v. State, 551 So. 2d 435 (Ala. Crim. App. 1989)(holding that an appellant cannot raise an issue on appeal which was not raised in the original Rule 32 petition).

Rule 32.7(d), Ala. R. Crim. P., authorizes the circuit court to summarily dismiss a petitioner's Rule 32 petition

> "[i]f the court determines that the petition is not sufficiently specific, or is precluded, or fails to state a claim, or that no material issue of fact or law exists which would entitle the petitioner to relief under this rule and that no purpose would be served by any further proceedings ...."

3

Further, "[s]ummary disposition is also appropriate when the petition is obviously without merit or where the record directly refutes a Rule 32 petitioner's claim." <u>Lanier v. State</u>, 296 So. 3d 341, 343 (Ala. Crim. App. 2019).

First, Woods reasserts his claim that his right to protection from double jeopardy was violated because he was charged and convicted of both murder and felony murder. However, this claim is meritless. Woods was only convicted and sentenced for the offense of felony murder. Thus, there is no double jeopardy violation. Therefore, the circuit court properly summarily dismissed this claim because the claim was clearly meritless on its face. <u>See</u> Rule 32.7(d).

Next, Woods alleged that the State breached the alleged agreement of leniency that he had with the authorities. As best we can determine, he alleged in his petition that there was an agreement of leniency between him and the law enforcement officers, in which they allegedly agreed that if he would cooperate with their investigation, he would not receive the maximum sentence. He further claimed that, although he was cooperative during the investigation and provided law enforcement with information that was previously unknown to them, "the authorities

4

reneged on leniency." (C. 19.) However, as the State pleaded in its motion to dismiss, this claim is precluded because it could have been, but was not, raised at trial or on appeal. <u>See</u> Rule 32.2(a)(3) and (5), Ala. R. Crim. P. Therefore, this claim was also properly summarily dismissed by the circuit court. <u>See</u> Rule 32.7(d).

Based on the foregoing, the judgment of the circuit court is affirmed.

AFFIRMED.

Windom, P.J., and Kellum, Cole, and Minor, JJ., concur.

I told them everything,which I did,then I would not receive the maximum
sentence as I had never been convicted of any other felony.I informed the
detective of the whereabouts of Christoper Williams,the alleged culprit,who
was later apprehended from my information.As it turned out,the verbal
agreement was not adhered to,I had to elect to go to trial,where I was
found guilty of felony murder and murder.A full extent of what transpired
in my cooperation will be presented in the State Court record,where I pre-
sented an affidavit detailing again the facts of my coopearion.I am again
actually innocent of this offense and the agreement for leniency was breac-
hed.

Caselaw in Support

—————

To establish that he is "actually innocent" such that a procedural default
will be excused,a petitioner must "support his allegations" of constitutio-
nal error with new reliable evidence-whether it be exculpatory scientific
evidence,trustworthy eyewitness accounts,or critical physical evidence that
was not presented at trial.The Court in reviewing this new reliable eviden-
ce,must be pursuaded that "it is more likely than not that no reasonable
juror would have found petitioner guilty beyond a reasonable doubt.(adopted
standard set forth in Murray v.Carrier,477 U.S.478,91 L.Ed.2d 397,106 S.Ct.
2639 (1986).Further,actual innocence serves as a gateway allowing a habeas
petitioner to overcome an impediment due to the expiration of the statute
of limitations,see McQuiggins v.Perkins,569 U.S.383,386.
The law is well settled that claims of actual innocence......have never
been held to state a ground for federal habeas relief absent an independent
constitutional violation occurring in the underlying State criminal pro-

3

ceeding...Herrera v.Collins,506 U.S.390,400,113 S.Ct.853,860,122 L.Ed.2d 203 (1993).The other constitutional violation is entailed in the U.S. Supreme Court case,Santobello v.New York,404 U.S.257 (1971).Santobello states that the disposition of criminal charges by agreement between the prosecutor and the accused (the detective in Woods case was the prosecutor or government official) ,and the adjudicative element inherent in accepting a plea of guilty,must be attended by safeguards to insure the defendant what is reasonably due in the circumstances;while those circumstances will vary,nevertheless a constant factor is that when a plea rests in any significant degree on a promise or agreement of the prosecutor,so that it can be said to be part of the inducement or consideration,such promise must be fulfilled.It was apparent that the District Attorney was ignorant of the agreement between Ms.Woods and Detective Pears or it was breached all along did not lessen the impact of the breach,all of the principles of Santobello v.New York were violated.Ms.Woods was forced to go to trial as the agreement became non-existent.

4

Attachment # 3

———————

In the State court record (Rule 32 #CC-14-828.62) in the record on appeal, page 34,lines 22-23,where defense counsel stated that they have charged my client,Shaniah Woods,with murder and felony murder.And then on page 35 of the record on appeal,lines 6-11,the Court stated "All right,Ms.Woods,the jury having found you guilty of the offense of murder and felony murder,and the court having adjudicated you as being guilty of the same..............Ms.Woods has suffered multiple punishments for the same offense,see United States v.Halper,490 U.S.435,440 (1989).The U.S.Supreme Court held also in North Carolina v.Pearce,89 S.Ct.2072,23 L.Ed.2d 656,395 U.S.711 the fifth amendment guaranty against double jeopardy consists of three separate constitutional protections : (1) protection against a second prosecution for the same offense after acquittal,(2) protection against a second prosecution for the same offense after conviction,and (3) protection against multiple punishments for the same offense.The third (3rd) violation is what has transpired in Ms.Woods case.

5

Attachment # 4

———————

Caselaw in Support

———————

The State court record will clearly display simultaneous convictions for a greater and lesser included offense,murder and felony murder.The State courts have always held that murder is a lesser included offense of felony murder and felony murder is a lesser included offense of capital murder, see Ex parte Dorsey,881 So.2d 533 (Ala.2003).The U.S.Supreme Court has held in Brown v.Ohio,97 S.Ct.2221,53 LEd.2d 187 that for purposes of the double jeopardy clause of the Fifth Amendment,a lesser included offense require (s) no proof beyond that which is required for conviction of the greater offense,and the greater offense is therefore by definition the "same" for purposes of double jeopardy as any lesser offense included in it. It is without dispute that one of these convictions must be vacated in Woods's case.

E.Ground Five:Actual Innocence and Brady Violation

1.Supporting Facts:The State withheld exculpatory evidence in light of the judge's order to disclose material evidence to the defendant's attorneys at arraignment.More specifically,the recording of the alleged surprise witness was never mentioned in my motion of discovery.However,during trial and while on the witness stand,the detective testified about the witness and him having a recording of this witness but never turned over to the defense.A clear-cut Brady violation.I am again actually innocent of this offense. This claim was raised in the first Rule 32 (CC-14-828.60).

Caselaw in Support

————

The U.S.Supreme Court held in Brady v.Maryland,373 U.S.83,83 S.Ct.1194, 10 L.Ed.2d 215 that the suppression by the prosecution of evidence favorable to and requested by an accused violates due process where the eviden- ce is material either to guilt or to punishment,irrespective of the good faith or bad faith of the prosecution.At trial was the first time the detective actually testified about the witness and him having a recording, thus for the actual innocence exception to apply to a Brady violation,the evidence is "new evidence" if it was unavailable at trial and could not have been discovered earlier through the exercise of due diligence.Woods's attorneys were not privy to this recording,they were entitled under Brady to this info before trial,however it was not revealed until at trial.

7

F: Actual Innocence and Ineffective Assistance of Counsel

1.Supporting Facts:Woods states that her trial counsel was ineffective in several aspects.The following claims were raised in the first Rule 32 pertaining to ineffective assistance of counsel:Defense counsel McGowin's performance fell below the reasonableness as a lawyer by not calling any witnesses in Woods's behalf,these witnesses should have been character witness,again not forgetting that Woods is actually innocent of this offense.Defense McGowin's performance fell below the reasonable standard of effectiveness by not cross-examining the State's witnesses,whom were the detectives and the officers.Defense attorney McGowin's performance fell below the standard of effectiveness by not objecting to the instructions to the jury venire causing "jury bias'.In each of these aspects,counsel's performance was deficient and each deficient performance prejudiced the defense,see Strickland v.Washington,466 U.S.668 (1984).Had not counsel's performance been deficient and had not this deficient performance not prejudiced Woods,the result of the proceedings would have been different and Woods would have been found not guilty or guilty of a lesser included offense,if any for the non actions Woods displayed in this offense which have been overlooked,blotted out,and shadowed.

G:Actual Innocence and Substantial Claim of Ineffective assistance of counsel by not objecting to Woods's failure to testify
1.Supporting Facts:The trial court in closing charged the jury by stating that Woods did not testify during the trial.

Caselaw in Support

―――――――

   Trial counsel was ineffective as well as Woods was actually innocent in this offense as the trial court in closing charging the jury mentioned the fact that Woods did not testify during the trial.The Alabama Supreme Court held in Ex parte Loggins,771 So.2d 1093 (2000) that U.S.Constitutional amendments V,XIV may be violated if the prosecutor comments upon the accused's silence.This also pertains to the trial court,there is no difference in the prejudicial effects.Comments regarding a defendant's failure to testify is improper if it was manifestly intended or was of such a character that a jury would naturally and necessarily take it to be a comment on the failure of the accused to testify,see U.S.v.Herring,955 F.2d 703,709 (11th Cir.)This failure to object to what the trial court stated (See Rule 32 case no.CC-14-828.60)(Ground or Claim # 5).This was and is a substantial claim of ineffective assistance of counsel under Martinez v.Ryan,132 S.Ct. 1309 as the State prisoner's failure to raise ineffective assistance of trial counsel claims in only proceeding-initial-review collateral proceeding in which state allowed such claims,held not to bar federal habeas corpus court from hearing claims,if prisoner had no,or ineffective,counsel in the proceedings.

H:Actual Innocence and Substantial Claim of Ineffective Assistance of Counsel

1.Supporting Facts:I am again actually innocent of the offense and has received substantial claims of ineffective assistance of counsel in several aspects.For each and several actual innocent claim raised here and thus far,Ms.Woods will show or has shown that in light of all the evidence it is more likely than not that no reasonable juror would have convicted her.The first claim here is that Counsel was ineffective and ineffective with a substantial claim in which counsel failed to motion the Court for a change of venue.The case was a highly publicized case in the Mobile,Ala. area.Woods's case was the first such transgender case in which it is a fact that jurors sexual preference played a major role in their determinations in deciding the verdict.Of course there was no way to determine if the jury members were being honest and straight forward.Issues on transgenders have always been a hot-button issue.

Counsel again was ineffective with a substantial claim coupled with my actual innocence when counsel failed to subpoena the camera/video facing the passenger side of the Jeep where the alleged crime occurred.There was testimony during the trial,on pages 372 of the trial transcript-lines 14-24 where it was discussed that the video was watched several times but the camera did not show the passenger side of the Jeep.And there was alot of questions that took place and then on page 373 of the trial transcript, lines 8-12 it was discussed during trial that the detectives did not want to accept what Shaniah had been telling you (Detective) initially what happened on that side of the Jeep.That specifically,the victim Robert Roberts took the gun from Chris,see Exhibits B and C,respectively.Under

10

Bundy v.Wainwright,the entire State record will be produced to ascertain that the portions exhibited (Exhibits B and C) are true and correct from the trial transcript.

Counsel again was ineffective with a substantial claim as well as I am again actually innocent of these offenses as Counsel failed to object to the fact that the jury was not charged with robbery,a lesser included offense of felony felony and murder,if the actual facts are considered in the offense.In each and every instance of ineffective assistance of counsel under Strickland v.Washington,had not counsel's performance not been deficient and had not this deficient performance not prejudiced the defense, the result of the proceedings would have been different and Woods would not had been convicted of felony murder and murder.

Caselaw in Support

Under Martinez v.Ryan,132 S.Ct.1309,when a State requires a prisoner to raise an ineffective assistance of trial counsel claim in a collateral proceeding,a prisoner may establish cause for a default of an ineffective assistance claim in two circumstances.The first is where the state courts did not appoint counsel in the initial-review collateral proceeding for a claim of ineffective assistance at trial.The second is where appointed counsel in the initial-review collateral proceeding,where the claim should have been raised,was ineffective under the standards of Strickland.To over come the default,a prisoner must also demonstrate that the underlying ineffective assistance of trial counsel is a substantial one,which is to say that the prisoner must demonstrate that the claim has some merit.Each of

Woods's claims pertaining to substantial claims of ineffective assistance of counsel coupled with actual innocence has merit and Woods has demonstrated that each claim has merit.

Exhibit B

372

```
 1        hours; correct?

 2   A.   Yes.

 3   Q.   And she told you time and time again during that

 4        two-hour period what transpired; correct?

 5   A.   Yeah.  She told us several accounts of what

 6        transpired, yes.

 7   Q.   Now, you had already seen the video at this point

 8        in time, had you not?

 9   A.   I had.

10   Q.   Probably many times; correct?

11   A.   Yes, ma'am.

12   Q.   And there's no audio on that video, is there?

13   A.   No, ma'am.

14   Q.   And we've all seen the video.  And you had watched

15        that video a number of times and you're able to see

16        many different angles of cameras; correct?

17   A.   Yes, ma'am.

18   Q.   But the only part that there was not a camera

19        facing was the passenger side of that Jeep;

20        correct?

21   A.   Yes, ma'am.

22   Q.   And you asked a lot of questions about what took

23        place on that side of the Jeep, did you not?

24   A.   I did.

25   Q.   Okay.  And you actually threw out some
```

TRAVIS L. ATKINS, JR., CCR

Exhibit C

```
 1          possibilities of what you thought took place on

 2          that side of the Jeep; correct?

 3   A.     Yes.

 4   Q.     And that was speculation on your part because you

 5          didn't have a camera angle to back that up;

 6          correct?

 7   A.     I did not see, no.

 8   Q.     And that was because you didn't really want to

 9          accept what Shaniah had been telling you initially

10          what happened on that side of the Jeep,

11          specifically that Robert Roberts took the gun from

12          Chris; correct?

13   A.     No, it's not that I didn't want to accept it; it's

14          that it didn't make sense.

15   Q.     But you can't see what actually happened, can you?

16   A.     That's true.

17   Q.     Were you part of the search warrant at Robert

18          Roberts' apartment?

19   A.     No, ma'am.

20   Q.     You are aware of that, are you not?

21   A.     I'm aware a search warrant was done, yes.

22   Q.     And do you know who requested that search warrant?

23   A.     No, I don't.

24   Q.     Possibly Detective Pears who was also working the

25          case at that time?
```

TRAVIS L. ATKINS, JR., CCR

14








Shaniah Woods Ais# 298362

28779 Nick Davis Road

Harvest,Alabama 35749

This Correspondence is forwarded from an Alabama State Prison. The contents have not been evaluated, and the Alabama Department of Corrections is not responsible for the substance or content of the enclosed communications.

U.S.District Court

Southern District of Alabama

113 St.Joseph Street

Mobile,Alabama 36602